IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN THOMAS BAGLEY | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-1433-B |
| DOUGLAS DRETKE, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner John Thomas Bagley, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Petitioner was convicted of delivery of a controlled substance and sentenced to 23 years confinement. His conviction and sentence were affirmed on direct appeal and state collateral review. *Bagley v. State*, No. 05-93-01539-CR (Tex. App.--Dallas, Dec. 22, 1994, pet. ref'd); *Ex parte Bagley*, No. 29,392-01 (Tex. Crim. App. Oct. 4, 1995); *Ex parte Bagley*, No. 29,392-02 (Tex. Crim. App. Feb. 7, 1996). Petitioner also filed multiple applications for federal habeas relief. His first application was dismissed on limitations grounds. *Bagley v. Johnson*, No. 3-98-CV-0663-P (N.D. Tex. Sept. 8, 1998), *COA denied*, No. 98-11145 (5th Cir. Mar. 15, 1999). Three other federal writs were dismissed as successive. *Bagley v. Johnson*, No. 3-99-CV-2357-G (N.D. Tex. Feb. 23, 2000); *Bagley v. Dretke*, No. 3-03-CV-1923-K (N.D. Tex. Oct. 14, 2003); *Bagley v. Dretke*, No. 3-03-CV-1731-D (N.D. Tex. Dec. 31, 2003), *COA denied*, No. 04-10228 (5th Cir. Oct. 21, 2004).

Undeterred, petitioner now seeks federal habeas relief for a fifth time. Before addressing his claims, the court must determine whether petitioner can file a successive habeas petition without prior approval from the court of appeals.

II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits the circumstances under which a state prisoner may file a successive application for federal habeas relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A petitioner must show that the successive application is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2244(b)(2). This determination must be made by a three-judge panel of the court of appeals before petitioner files his application in district court. *Id.* § 2244.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief. Petitioner must obtain such an order before this case is filed.

### **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file

written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 31, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE